# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. ELIZABETH LOPEZ, Defendant. | No. CR 15-4051-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION IN LIMINE**<br><br>*Filed Under Seal* |

_____

This case is before me on the prosecution's May 23, 2016, Motion In Limine (docket no. 70), filed two days before trial in this matter is set to begin. The defendant filed her Resistance (docket no. 72) on May 24, 2016. I will consider the challenged categories or related categories of evidence in turn.

The prosecution first challenges expected testimony from defendant Lopez's two sisters regarding Lopez's drug addiction and that they did not see her distributing drugs. The prosecution concedes that evidence that the defendant used methamphetamine "may have limited relevance in this case," but contends that the evidence that Lopez did not distribute drugs on specific occasions is inadmissible character or "reverse 404(b) evidence," and is otherwise inadmissible pursuant to Rules 401, 402, 403, and 405. Lopez counters that whether she was an addict in possession of drugs for personal use or for distribution is a key issue in her defense and that her addiction explains her presence during drug transactions and her association with members of a drug conspiracy. Moreover, she argues she will limit any testimony about her "character" to proper reputation or opinion evidence, as required by Rules 404(a)(2)(A) and 405(a).

I believe that Lopez has the better argument on the admissibility of this evidence, as least as the parties have characterized it pretrial. As Lopez points out, I have recognized that the Ninth Circuit Court of Appeals has held that

> evidence of addiction may be relevant and admissible for reasons other than to support an insanity or mental state defense. Both case law and common sense suggest that a defendant may present evidence of addiction to explain his or her presence during drug transactions or to explain his or her association with members of a drug conspiracy to challenge his or her participation in the conspiracy.

*United States v. Norita*, Criminal No. 09–00026, 2010 WL 1752673, *4 (D.N.M.I. April 7, 2010) (citing Ninth Circuit cases so holding). Such evidence may also make it "plausible that some of the drugs were possessed for personal use, rather than for distribution." *Id.* at n.1 (again citing Ninth Circuit cases so holding). The sisters' anticipated testimony on these matters is relevant and not more prejudicial than probative. *See* FED. R. EVID. 401, 402, and 403. Furthermore, while "[t]he general rule is that prior acts testimony is 'not admissible to prove a [person] acted in conformity with h[er] character under Rule 405(b),'" *United States v. Bordeaux*, 570 F.3d 1041, 1049 (8th Cir. 2009) (quoting *United States v. Gregg*, 451 F.3d 930, 935 (8th Cir. 2006)), I believe that Lopez may properly ask her sisters the general question of whether they ever saw her engage in distribution of drugs or conduct consistent with distribution of drugs. Similarly, the prosecution may respond by inquiring about their knowledge of specific incidents of distribution of drugs by Lopez, if the prosecution has a good faith basis for believing that such specific incidents occurred and that a sister asked that question knew or should have known of the incident. *See* FED. R. EVID. 405(b); *id.* at 1049-50; *Gregg*, 451 F.3d at 935. I will take Lopez at her word that she will not attempt to elicit evidence that exceeds the bounds of Rules 404 and 405, but will allow the prosecution to object,

if it believes that she has done so. Thus, this part of the prosecution's Motion In Limine is denied without prejudice to objections to specific evidence at trial.

Next, the prosecution seeks to exclude evidence of self-reported drug use presented through Lopez's substance abuse counselor and the counselor's progress report. The prosecution contends that such reports are hearsay or double-hearsay, as well as self-serving, and that they were not made for purposes of medical diagnosis, but for purposes of trial. Lopez argues that statements to her substance abuse counselor fall within the hearsay exception for statements for purposes of medical diagnosis, where they were made as part of her court-ordered substance abuse treatment on pretrial release, and that the records may also be records of regularly conducted activity. This matter cannot be resolved pretrial, because whether or not the progress report and any statements by Lopez about her drug use that the counselor may relate fall within the Rule 803(4) exception for statements made for medical diagnosis or treatment, or within the Rule 803(6) exception for records of regularly conducted activity, rather than for purposes of trial, turns on the foundational questions of when and why Lopez made the statements and the counselor made the records. Ruling is reserved on this part of the prosecution's Motion In Limine.

The prosecution also seeks to exclude evidence about Lopez's alleged reliance on others, manipulation by others, gullibility, and difficult life as irrelevant and more prejudicial than probative, as sympathy-seeking evidence. Lopez responds that this part of the prosecution's Motion is moot, because she does not intend to offer evidence related to these subjects. Again, taking Lopez at her word, this part of the prosecution's Motion appears to be moot, but will be denied without prejudice to objections to specific evidence at trial.

The prosecution also seeks to exclude evidence of Lopez's potential sentence, including mandatory minimums, which she could face if convicted. Lopez responds that she does not intend to offer any evidence about her own potential sentence, but does

intend to offer such evidence as to *cooperating witnesses* as proper grounds for impeaching their credibility. In my Instruction on "duty during deliberations," I instruct the jurors, *inter alia*, that they "must not consider punishment in any way in deciding whether the defendant is not guilty or guilty." Evidence about Lopez's potential punishment would be contrary to this instruction, and is inadmissible. Thus, this part of the prosecution's Motion is granted. Lopez may offer evidence concerning the potential punishment of cooperating witnesses as legitimate impeachment, however.

Finally, the prosecution seeks to exclude evidence that cooperating witness Joshua Navrkal at one time had a wallet with a swastika on it and has or had anti-police statements ("Fuck the Police") on his cell phone screen. The prosecution argues that this evidence is much more inflammatory than probative of any fact. Lopez counters that such evidence of Navrkal's racial animus and contempt for the police is probative of his bias and reasons for fabricating or exaggerating evidence of criminal conduct of a Latina defendant. Lopez's argument that this evidence is probative of a legitimate matter is strong; the question is the balance of the probative value against its potential for prejudice. Evidence of racial prejudice and contempt for the police tends, by its very nature, to be potentially inflammatory. I believe that the best ways to limit the potential for *undue* prejudice from such evidence, within the meaning of Rule 403, is to make sure that the evidence is presented briefly, without undue emphasis or extensive argument, and that it is presented with a contemporaneous limiting instruction on the proper purposes for which the jurors may consider the evidence. *See, e.g, Valadez v. Watkins Motor Lines, Inc.*, 758 F.3d 975, 982 (8th Cir. 2014) ("To the extent [the parties] were concerned about improper prejudice, a limiting instruction would have addressed those concerns." (citing FED. R. EVID. 105). This part of the prosecution's Motion is denied.

THEREFORE, the prosecution's May 23, 2016, Motion In Limine (docket no. 70) is **granted in part, denied in part, and reserved in part**, as set out, above.

IT IS FURTHER ORDERED that, to avoid exposure of potential jurors to information about excluded evidence, this ruling shall be sealed until ten days after completion of trial or any guilty plea, unless a party files a motion within that ten-day period showing good cause why the ruling should remain sealed.

**IT IS SO ORDERED**.

**DATED** this 24th day of May, 2016.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA